**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| WINFRED CLOWERS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | **7 : 11-CV-139 (HL)** |
| | : | |
| BRUCE CHATMAN, | : | |
| | : | |
| Respondent. | : | |
| ______________________________________ | : | |

**ORDER AND RECOMMENDATION**

The Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2006 Irwin County conviction for armed robbery. (Doc. 1). Following a jury trial and the return of a guilty verdict, Petitioner was sentenced to life imprisonment. Petitioner appealed his conviction to the Georgia Court of Appeals. His conviction and sentence were affirmed on appeal. *Clowers v. State*, 299 Ga. App. 576, 683 S.E.2d 46 (2009).

Petitioner filed a state habeas petition on June 14, 2010 in the Superior Court of Mitchell County. (Doc. 11-3). The state habeas court denied relief, and Petitioner=s application for a certificate of probable cause to appeal was denied by the Georgia Supreme Court on September 6, 2011. (Docs. 11-6; 11-8). Petitioner executed this federal habeas petition on October 10, 2011. (Doc. 1).

**<u>Factual Background</u>**

This Court is "bound under 28 U.S.C. § 2254[(e)] to afford factual findings of state [appellate] courts a presumption of correctness." *Towne v. Dugger*, 899 F.2d 1104, 1106 (11th Cir. 1990); *Paxton v. Jarvis*, 735 F.2d 1306, 1308 (11th Cir. 1984). The habeas petitioner Ashall

have the burden of rebutting the presumption of correctness by clear and convincing evidence.@ 28 U.S.C. ' 2254(e)(1). The Anti-Terrorism and Effective Death Penalty Act (AAEDPA@) thus retains the statutory presumption of correctness that is to be afforded state courts= factual findings. *Id.* As no dispute has been raised herein regarding the findings of fact issued by the Georgia Court of Appeals, said findings are hereby adopted as follows:

> [T]he evidence shows that at approximately 12:15 p.m. on January 18, 2006, Clowers [the Petitioner] entered a grocery store and asked the cashier to cash a check. The cashier told Clowers he could not cash the check. Clowers left and then a few minutes later came back with a gun and demanded money. The cashier opened the cash drawer, and Clowers reached in and took some money out. When the cashier reached for his wallet, Clowers cocked his pistol. The cashier took money out of his wallet and gave it to Clowers while Clowers "was still pointing the gun" at him. Clowers then left the store, and a small car sped from the scene.
>
> The state also presented testimony from a bank teller working a drive-through window. This bank teller testified that during the lunch hour before 1:00 p.m. on January 18, 2006, Clowers, a rear seat passenger in a small burgundy car, attempted to cash a check drawn on the account of Janet Melton and made payable to Russell Rogers.
>
> In the course of the investigation, an officer learned that Russell Rogers, Clowers' co-defendant, had borrowed a car on January 17, 2006 and not retuned it until approximately 8:00 p.m. on January 18, 2006. A search of the car revealed a checkbook for an account in the name of Janet Melton. Some of the checks were blank and others were made out to Russell Rogers. Based on the investigator's interview with Rogers, the investigator presented a photographic lineup that included a photograph of Clowers to the cashier and the bank teller. The cashier identified Clowers in the photographic lineup and at trial as the person who robbed him. The bank teller identified Clowers in the photographic lineup and while testifying at trial as the person attempting to cash the check.

*Clowers*, 299 Ga. App. at 576-77.

**<u>Standard of Review</u>**

Pursuant to 28 U.S.C. § 2254 (d)(1), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless that adjudication Aresulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.@ In interpreting this portion of the federal habeas rules, the Supreme Court has ruled that a state decision is Acontrary to@ clearly established Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts that are Amaterially indistinguishable@ from a relevant Supreme Court precedent and arrives at an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Moreover, the Court held that A[u]nder § 2254(d)(1)=s >unreasonable application= clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.@ *Id*. at 411. An unreasonable application of Supreme Court precedent occurs Aif the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner=s case.@ *Id.* at 407. AIn addition, a state court decision involves an unreasonable application of Supreme Court precedent >if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.=@ *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000) (quoting *Williams*, 529 U.S. at 407).

Accordingly, Petitioner must first establish that the state habeas court=s adjudication of his

claims was Acontrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.@ 28 U.S.C. § 2254(d). In other words, as this is a post-AEDPA case, the Petitioner herein may obtain federal habeas relief ***only*** if the challenged state court decision was either contrary to or an unreasonable application of Federal law as determined by the Supreme Court, or if the state court made a decision based on an unreasonable determination of the facts. *Williams*, 529 U.S. at 405; *Early v. Packer*, 537 U.S. 3, 7 (2002); 28 U.S.C. ' 2254(d).

**Petitioner=s Habeas Claim**

In his Petition for federal habeas relief, Petitioner sets forth the following ground for relief: "Void sentence –violation of right to trial by jury". (Doc. 1). Respondent asserts that Petitioner=s claim is procedurally defaulted. (Doc. 7-1). This ground was raised in Petitioner=s state habeas proceedings, and the state habeas court determined that the ground was procedurally defaulted under O.C.G.A. ' 9-14-48(d) because Petitioner failed to raise it on direct appeal. (Doc. 11-6).

Petitioner must raise all claims at trial and/or on appeal to avoid procedural default. *Coleman v. Thompson*, 501 U.S. 722, 735, 750 (1991). Relying on *Turpin v. Todd*, 268 Ga. 820, 826 (1997) and *Black v. Hardin*, 255 Ga. 239 (1985), the state habeas court found Petitioner's ground for relief had not been timely raised at trial or on direct appeal, and thus the court concluded that Petitioner procedurally defaulted these grounds. (Doc. 11-6, p. 7-8).

O.C.G.A. ' 9-14-48(d) provides as follows:

> The court shall review the trial record and transcript of proceedings and consider whether the petitioner made timely motion or objection or otherwise complied with Georgia procedural rules at trial and on

> appeal and whether, in the event the petitioner had new counsel subsequent to trial, the petitioner raised any claim of ineffective assistance of trial counsel on appeal; and absent a showing of cause for noncompliance with such requirement, and of actual prejudice, habeas corpus relief shall not be granted.

Further, the Supreme Court held in *Coleman*:

> We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750.

A state prisoner may not obtain federal habeas relief on a claim that the state courts refused to consider due to his failure to timely raise the claim at trial and/or on appeal, unless the petitioner can establish cause for the failure and actual prejudice resulting therefrom, or a fundamental miscarriage of justice if the federal court does not consider the claims. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Coleman v. Thompson*, 501 U.S. 722, 724 (1991). Both cause and prejudice must be established in order to overcome the procedural bar, and the burden of demonstrating cause and prejudice lies with the petitioner. *McCoy v. Newsome*, 953 F.2d 1252, 1260 (11th Cir. 1992). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 480, 488 (1986).

To prove prejudice, a petitioner must show not merely that errors at trial created a possibility of prejudice, Abut that they worked to his actual and substantial disadvantage, infecting

his entire trial with error of constitutional dimensions.@ *Murray*, 477 U.S. at 495 (quoting *United States v. Frady*, 456 U.S. 152, 156 (1982)). The U.S. Supreme Court made clear that both cause and actual prejudice must be shown, and specifically rejected the contention that cause need not be shown if actual prejudice was shown. *Murray*, 477 U.S. at 495. Additionally, a mere possibility of actual prejudice resulting from an error at trial will not waive the procedural default bar where other substantial evidence of guilt is present. *Wainwright*, 433 U.S. at 91.

Herein, Petitioner has not established cause or prejudice in order to excuse the procedural default of these claims. Further, Petitioner does not show that he was Aactually innocent,@ which is necessary to show a fundamental miscarriage of justice if his federal claims are not considered. *See Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992) (petitioner must show Aactual innocence@ to meet the Afundamental miscarriage of justice exception@). Accordingly, this Court must defer to the state court=s findings of procedural default. *Coleman*, 501 U.S. at 750; *Mincey v. Head*, 206 F.3d 1106, 1135-36 (11th Cir. 2000).

The state habeas court found that Petitioner procedurally defaulted on the sole ground alleged in this Petition because he failed to raise the claim at trial or on direct appeal. The court determined that Petitioner failed to demonstrate the necessary cause and prejudice sufficient to overcome the procedural default. (Doc. 11-6). As Petitioner provides no new evidence demonstrating cause and prejudice or that there will be a fundamental miscarriage of justice, this Court, deferring to the state court=s findings, concludes that the sole ground in Petitioner=s Petition is procedurally defaulted. Thus, Petitioner is not entitled to habeas relief.

**Conclusion**

As the ground raised by the Petitioner will not support the granting of federal habeas relief,

it is the recommendation of the undersigned that this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**. Pursuant to 28 U.S.C. ' 636(b)(1), Petitioner may serve and file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. ' 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order. If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

***Motion to Add Counsel (Doc. 10)***

Petitioner also filed a letter with the Court requesting that the Court mail all documents related to this case to a Mr. Richard DeVane, who has been helping with his Petition. It does not appear that Mr. DeVane is an attorney licensed to practice in the State of Georgia, and no such person has filed an Entry of Appearance in this case. As such, the Court will not add Mr. DeVane as counsel in this case and will not send documents related to this case to Mr. DeVane. Accordingly, Petitioner's request is **DENIED**.

**SO ORDERED AND RECOMMENDED**, this 17th day of August, 2012.

**s/ *THOMAS Q. LANGSTAFF***
**UNITED STATES MAGISTRATE JUDGE**

llf